IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL TULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-1069-GPM |
| | ) |
| WAL-MART STORES, INC. and KENDRA CARPENTER BLOCK, INC., | ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant Kendra Carpenter Block's (Block) Motion to Dismiss Count II of Plaintiff Crystal Tullis's Amended Complaint (Doc. 11). Plaintiff responded to the motion (Doc. 13) and the Court has what it needs for this order. In Count II, Plaintiff alleges that Block, the Assistant Manager of the Wal-Mart store where Plaintiff worked, terminated her employment "in retaliation and due to the exercise of her rights under the Illinois Workers' Compensation Act" (Doc. 7, ¶ 34). In her Motion to Dismiss, however, Block correctly notes that "Illinois law does not recognize a cause of action for retaliatory discharge against individuals, including supervisors" (Doc. 12, p. 2); *see Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 570 (Ill. 1998). Block further alleges that "an award of attorneys' fees as a sanction would be appropriate here because there is no basis in law for bringing this claim" (Doc. 12, p. 2).

Plaintiff responds by asserting that: (1) under Federal Rule of Civil Procedure 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific

conduct that allegedly violates Rule 11(b);" (2) Block failed to abide by Rule 11's 21-day "safe harbor" provisions (Fed. R. Civ. P. 11(c)(2)); and (3) Plaintiff inadvertently failed to withdraw Count II from her Amended Complaint (Doc. 13, ¶¶ 3, 4 and 9). Further, in her response, Plaintiff agrees to voluntarily withdraw Count II of her Amended Complaint against Block (*Id.* at ¶ 10).

In state court, Plaintiff sought a reversal of existing Illinois law based on the dissenting opinion in *Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565 (Ill. 1998), arguing that common law retaliatory discharge claims should be allowed against both employers and their employees (*Id.* at ¶ 5). Block had a Motion to Dismiss pending before the Wayne County Circuit Court; however, the case was timely removed prior to the state court ruling on Block's motion. After the removal, Plaintiff was granted leave to amend her Complaint, but she failed to remove Count II — the workers' compensation retaliation claim against Block — from her Amended Complaint (Doc. 7). Plaintiff, in her response, claims "she neglected to consider that her previous argument for the reversal of *Buckner* would not stand in federal court" (Doc. 13, ¶ 8).

Indeed, this Court is *Erie*-bound by the majority opinion of the Supreme Court of Illinois in *Buckner*. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Timmerman v. Modern Indus., Inc.*, 960 F.2d 692, 696 (7th Cir. 1992) (a federal court must apply state law as pronounced by the state's highest court in deciding state-law claims brought in the federal court's supplemental jurisdiction); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir. 1986) (same).[1] Moreover, a "federal court is not the place to press innovative theories of state law,"

---

1. This perhaps is the place to note the basis for the Court's subject matter jurisdiction in this case. Although this case was removed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), from state court to this Court on the basis of federal diversity jurisdiction, in fact diversity of citizenship is not complete, as both Tullis and Block are citizens of Illinois. *See* 28 U.S.C. § 1332(a)(1); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). However, Tullis's post-removal amendment of her complaint to assert claims against Wal-Mart and Block under the Family and Medical Leave

*Anderson v. Marathon Petro. Co.*, 801 F.2d 936, 942 (7th Cir. 1986), because federal courts have "limited discretion … with respect to untested legal theories brought under the rubric of state law." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007).  As such, Count II of Plaintiff's Amended Complaint, which requires a reversal of Illinois law to be actionable, never should have been brought before this Court.

Nevertheless, this Court will take Plaintiff at her word that her mistake was inadvertent and resulted from a simple oversight.  Furthermore, Block's request for sanctions did not comply with Federal Rule of Civil Procedure 11; and even if it had, sanctions would be too drastic a measure in this particular instance.  For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Block's motion is **GRANTED** and Count II of Plaintiff's Amended Complaint is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 03/04/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

Act, 29 U.S.C. § 2601 *et seq.*, brings this case within the Court's original jurisdiction as an action arising under federal law.  *See* 28 U.S.C. § 1331; *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 185-86 (7th Cir. 1984).  Further, Tullis's claim for retaliatory discharge against Wal-Mart is within the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367.