IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL TULLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-1069-GPM ) |
| WAL-MART STORES, INC., and KENDRA CARPENTER BLOCK | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Crystal Tullis was terminated from her employment at the Fairfield, Illinois Wal-Mart store on July 22, 2009. Her right calf had been injured in a work-related accident in 2008, for which she sought and received workers compensation benefits. Ms. Tullis claims that in 2009, she planned to re-open that workers compensation claim for pain she was experiencing in her left knee. Ms. Tullis claims that Defendants Wal-Mart Stores, Inc., and Kendra Carpenter Block, assistant manager at the Fairfield Wal-Mart, retaliated against her for the exercise of her rights under the Family Medical Leave Act (FMLA) and the Illinois Workers' Compensation Act (IWCA), and that they interfered with the exercise of her FMLA rights. Defendants filed this motion for summary judgment on all of Ms. Tullis's claims (Doc. 27). The Court has duly considered Defendants' arguments and Ms. Tullis's response. Because this matter is replete with genuine issues of material fact, Defendants' motion for summary judgement is DENIED.

The standard applied to summary judgment motions under Federal Rule of Civil Procedure

56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party.  Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.…  A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). "To prevail on a claim for retaliatory discharge under the Illinois Workers' Compensation Act, [plaintiff] must allege that (1) she was an employee of [defendant] before or at the time of the injury; (2) she exercised a right granted by the Act; and (3) her discharge was causally related to the exercise of that right under the Act.  If [defendant] can demonstrate a valid basis for discharging [plaintiff] that is not pretextual, the element of causation is not met." *Ridings v. Riverside Medical Center,* 537 F.3d 755, 772-73 (7th Cir. 2008).  "To prevail on an FMLA-interference claim, an employee must demonstrate that: (1) she was eligible for FMLA protection; (2) her employer was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her benefits to which she was entitled." *Brown v. Automotive Components Holdings, LLC,* 622 F.3d 685, 689 (7th Cir. 2010).  "An employee may proceed under the direct or indirect methods of proof to establish a prima facie case of retaliation under the FMLA.…A plaintiff proceeding under the direct method of proof must produce direct or circumstantial evidence that the protected conduct was a substantial or motivating factor in the employer's decision.  To establish a prima facie case of retaliation under the direct method of proof, the plaintiff must present

evidence of (1) a statutorily protected activity; (2) a materially adverse employment action taken by the employer; and (3) a causal connection between the decisionmaker that he acted with retaliatory intent. Circumstantial evidence allows the finder of fact to infer that retaliatory animus motivated the decisionmaker to take an adverse employment action against the employee. Circumstantial evidence may included suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group." *Long v. Teachers' Retirement System of Illinois,* 585 F.3d 344, 349-50 (7th Cir. 2009) (internal citations and quotations omitted). "To succeed on a retaliation claim, the plaintiff does not need to prove that retaliation was the *only* reason for her termination; she may establish an FMLA retaliation claim by showing that the protected conduct was a substantial or motivating factor in the employer's decision." *Goelzer v. Sheboygan County, Wisconsin,* 604 F.3d 987, 995 (7th Cir. 2010) (internal quotations omitted). "[T]he plaintiff survives summary judgment by creating a triable issue of whether the adverse employment action of which she complains had a discriminatory motivation." *Id.* at 995-96.

Here, Defendants argue: there is a valid non-pretextual reason for Ms. Tullis's termination–another employee reported that Ms. Tullis was laying face-down on a pallet in the Wal-Mart store, and Ms. Tullis was on the last step of Wal-Mart's progressive ; Ms. Tullis did not inform any Wal-Mart manager that she was incapacitated due to left knee pain; Defendants had no notice that Ms. Tullis intended to take FMLA leave; an independent investigation of Wal-Mart management upheld Ms. Tullis's termination; and Defendant Kendra Carpenter Block was not the decision-maker in Ms. Tullis's termination. Defendants present a factual scenario which, if accepted as true, would likely defeat Ms. Tullis's claims. However, Ms. Tullis's version of events differs, and it differs as to several facts which are material to her FMLA and IWCA claims.

For example, the question of whether Defendant Block was a decision-maker in Tullis's

termination is outstanding. Ms. Tullis claims there is evidence that Ms. Block was the decision-maker (she had authority to terminate employees, she was involved in Ms. Tullis's termination). At the least, Plaintiff claims, Ms. Block yielded significant influence over the termination. Also in dispute is whether Defendants' rationale for Ms. Tullis's termination was pretextual. Defendants claim that Ms. Tullis was on the last step of progressive discipline when another employee reported that she was laying down on a pallet with her feet in the air. Ms. Tullis claims that: she only began being disciplined after her first work comp claim; Defendant Block kept tabs on whether enough time had elapsed for Ms. Tullis to be out of the automatic-termination phase of discipline; and the alleged incident which led to her termination did not occur as Defendants claim it did–Ms. Tullis says she was bending over the pallet with her feet on the ground to pick up cans that had dropped. Another open question is whether or not Defendants were aware that Ms. Tullis planned to reopen her workers compensation claim and/or take FMLA leave in connection with left knee pain. This goes to both retaliatory animus and the notice required for an FMLA-interference claim.

In short, there are a raft of disputed material facts, and Defendants' motion for summary judgment is therefore DENIED.

**IT IS SO ORDERED.**

DATED: 12/30/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge